UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COREY PRESTON<br><br>    Plaintiff,<br><br>v.<br><br>FORGE INDUSTRIAL STAFFING, INC. and BERNE APPAREL COMPANY,<br><br>    Defendants. | Case No. 1:18-cv-00414<br><br>Hon. Theresa L. Springmann |

**DEFENDANT FORGE INDUSTRIAL STAFFING, INC.'S
ANSWER TO THE COMPLAINT**

Defendant, Forge Industrial Staffing, Inc. ("Forge"), by and through its attorneys, Baker & McKenzie LLP, respectfully submits its Answer to the Complaint of Plaintiff Corey Preston as follows:

1.  The Plaintiff is Corey Preston who is an African American/black individual who worked as a temporary employee for Forge Industrial Staffing, Inc. since July 2014 and who was suspended from his assignment at Berne Apparel Company.  Both "Forge" and "Berne" are co-employer/joint employers of the Plaintiff as they both affected the terms, conditions, privileges and benefits of his employment.

**ANSWER:**

Forge admits that Plaintiff is an African American/black individual who worked for Forge Industrial Staffing, Inc. as a Service Associate, was placed on assignment at Berne

1

Apparel Company, and was suspended from such assignment. Forge denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Forge Industrial Staffing, Inc. is a corporation authorized to do business in the State of Indiana and does so at 1010 W. Coliseum Boulevard, Suite A, Fort Wayne Indiana 46808. "Forge" is an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

**ANSWER:**

Forge admits that allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Berne Apparel Company ("Berne") is a company doing business at 2501 East 850 North, Ossian Indiana 46777. Berne is an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

**ANSWER:**

Because the allegations contained in Paragraph 3 of Plaintiff's Complaint do not pertain to Forge, Forge makes no answer to them.

4. Plaintiff filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 24D-2018-00167 and No. 24D-2018-00168, both of which are attached hereto, made a part of hereof, and incorporated herein as Exhibits "A" and "B." The EEOC issued a Dismissal and Notice of Rights for both Charges on August 20, 2018 and they are attached hereto as Exhibits "C" and "D."

**ANSWER:**

Forge admits that Exhibit B is a true and correct copy of Plaintiff's Charge of Discrimination filed against Forge, No. 24D-2018-00168, and that Exhibit D is a true and correct copy of the Dismissal and Notice of Rights issued by EEOC with respect to Charge No. 24D-

2018-00168. Because the remaining allegations in Paragraph 4 of Plaintiff's Complaint do not pertain to Forge, Forge no makes answer to them.

5.  As against Forge, Plaintiff claims that he reported his "Berne" supervisor for sexual harassment and that Forge suspended his assignment at Berne. Plaintiff also claims that he was demoted and suffered a pay decrease. Plaintiff alleges that this was done on the basis of his race and sex, and the he suffered discrimination and retaliation. On March 2, 2018, Forge told Plaintiff that his assignment at Berne was terminated. Plaintiff alleges that his suspension, demotion and termination were retaliatory because he reported his supervisor's sexual harassment. Furthermore, Forge failed to provide Plaintiff any work assignments since these events.

**ANSWER**:

Forge admits that Plaintiff was suspended from his assignment at Berne, Plaintiff lost his lead position, and accordingly his pay was decreased on February 28, 2018. Answering further, Forge admits Plaintiff's assignment to Berne was ultimately cancelled on or about March 2, 2018. Answering yet further, Forge admits that Plaintiff's employment with Forge was terminated on March 22, 2018. Forge denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  As against Berne, Plaintiff claims that he repeatedly reported his supervisor (Sherry Cox) for sexual harassment, i.e. making inappropriate gestures toward Plaintiff. Plaintiff complained to his Forge onsite supervisory, as well as the Berne Plant Manager. Plaintiff contends that the conduct was sexual in nature and that it occurred because of his sex. Nothing was done as a result of his complaints. On February 18, 2018, Plaintiff reported Sherry Cox after she "flipped off" Plaintiff and told him "stick these up my butt." Plaintiff was retaliated against

and was suspended without pay and demoted from his lead position, which included a pay decrease. On March 2, 2018, Plaintiff's assignment was terminated, resulting in retaliatory discharge.

**ANSWER:**

Because the allegations contained in Paragraph 6 of Plaintiff's Complaint do not relate to Forge, Forge makes no answer to them.

7. The actions of the Defendants were intentional and in reckless disregard of Plaintiff's federally protected civil rights under Title VII and 42 U.S.C. § 1981 which prohibits employers from discriminating against employees on the basis of their race. Plaintiff suffered the loss of his job and job-related benefits including income. Plaintiff experienced mental anguish, emotional distress, financial distress, humiliation, embarrassment, inconvenience and other damages and injuries for which he seeks compensatory damages.

**ANSWER:**

Forge denies that it violated Title VII or 42 U.S.C. § 1981 in any manner whatsoever and denies that Plaintiff is entitled to damages. Forge denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Plaintiff seeks punitive damages against the Defendants, and each of them.

**ANSWER:**

Forge admits that Plaintiff seeks punitive damages, but denies that Plaintiff is entitled to recover punitive damages. Because the remaining allegations in Paragraph 8 of Plaintiff's Complaint do not relate to Forge, Forge makes no answer to them.

WHEREOF, Plaintiff prays for judgement against the Defendants, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

**ANSWER:**

To the extent an answer is deemed necessary to Plaintiff's Prayer for Relief, Forge denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Forge asserts the following affirmative defenses to Plaintiff's Complaint and to the allegations alleged therein:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims for relief are barred, or in the alternative, offset, to the extent he has failed to mitigate his damages, if any.

3. Plaintiff's claims are barred because they occurred and/or accrued outside of the applicable statute of limitations.

4. Plaintiff's claims are barred for the reason that, by his actions, Plaintiff is estopped from bringing any cause of action.

5. Plaintiff has waived some or all of the causes of action asserted in the Complaint.

6. Plaintiff's request for damages is barred because Forge made good faith efforts to comply with all applicable laws and had reasonable grounds for believing that any act allegedly taken or omission allegedly made was not a violation of any applicable law.

7. Plaintiff cannot sustain his claims because Forge exercised reasonable care to prevent and promptly correct any inappropriate behavior in the workplace. Further, Plaintiff

5

unreasonably failed to take advantage of any preventative or corrective opportunities provided by Forge and/or to avoid harm otherwise.

8. Forge is not responsible for the acts of employees that were outside the course and/or scope of the duties to which those employees were assigned, including intentional acts and/or criminal acts not taken in furtherance of Forge's objectives.

9. Plaintiff cannot recover damages as alleged, or any such damages must be reduced, because of Plaintiff's unclean hands.

10. Plaintiff's unreasonable delay in providing notice and in commencing and prosecuting this action caused unfair prejudice to Forge, thereby barring any recovery against Forge under the equitable doctrine of laches.

11. Plaintiff's claims are barred, in whole or part, to the extent he failed to exhaust his federal, state, or local administrative remedies.

12. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with all the directions of his employer.

13. Each and every cause of action or claim for relief in the Complaint is barred by Plaintiff's ratification of the representations, acts and/or omissions alleged in the Complaint to have caused Plaintiff's alleged damages.

14. Plaintiff is barred from any recovery in this action because the actions of Forge and its agents were justified at all times material herein, based on all relevant facts and circumstances known by Forge and its agents at the time they so acted.

**Reservation of Rights**

Forge reserves the right to amend its Answer and to assert any additional affirmative and other defenses as may become available or apparent at a future date.

WHEREFORE, Defendant Forge Industrial Staffing, Inc. respectfully requests that the Court deny the relief sought by Plaintiff Corey Preston, dismiss the action with prejudice and enter judgment on Forge's behalf, and award Forge any such other relief as the Court deems just and proper.

Dated:  December 18, 2018                    Respectfully submitted,

                                             BAKER & MCKENZIE LLP


                                             By: */s/ William F. Dugan*
                                                  William F. Dugan
                                                  Attorneys for Defendant
                                                  Forge Industrial Staffing, Inc.

William F. Dugan
william.dugan@bakermckenzie.com
**BAKER & McKENZIE LLP**
300 E. Randolph St., Suite 5000
Chicago, IL 60605
Telephone: +1 312 861 8000
Facsimile: +1 312 861 2899

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2018, a copy of the foregoing Defendant Forge Industrial Staffing, Inc.'s Answer to the Complaint was electronically filed with the Clerk of the Court using the CM/ECF system.

By: */s/ William F. Dugan*_____
William F. Dugan
