UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COREY PRESTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-cv-00414-HAB-SLC |
| | ) |
| FORGE INDUSTRIAL STAFFING, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a letter filed on January 14, 2020, by Plaintiff Corey Preston, who is now proceeding *pro se* in this discrimination and retaliation case under Title VII against his former employer, Defendant Forge Industrial Staffing, Inc. (ECF 41). In the letter, Plaintiff reiterates his prior request that the Court appoint counsel to represent him, now that his former counsel has withdrawn. (*See* ECF 37, 41). For the following reasons, Plaintiff's request will be DENIED.

*A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).

The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018)

(citation omitted); *Pruitt*, 503 F.3d at 654-55; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citation and internal quotation marks omitted). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id*.

*B. Analysis*

As explained in the Court's Order dated November 19, 2019 (ECF 39), when considering a *pro se* plaintiff's request for counsel, this Court requires that a *pro se* plaintiff first contact at least three attorneys concerning the case. (ECF 39 at 2). Preston has now satisfied this threshold requirement, as not only has he had one lawyer represent him (only to later withdraw) (ECF 38),

2

but he also states that he has contacted six other attorneys about his case (ECF 41 at 1).

Preston, however, still has not established a financial inability to retain private counsel, nor requested and been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As explained in the Court's prior Order, a threshold factor to consider under Title VII is a "plaintiff's financial ability to retain private counsel." (ECF 39 at 2 (quoting *Poulakis v. Amtrak*, 139 F.R.D. 107, 110 (N.D. Ill. 1991))). Likewise, "a proceeding *in forma pauperis* to 28 U.S.C. § 1915 is a prerequisite to appointment of counsel under § 1915(e)(1)." (*Id.* (quoting *Hairston v. Blackburn*, No. 09-cv-598, 2010 WL 145793, at *10 (S.D. Ill. 2010))).

And even if Preston had established a financial inability to retain private counsel, his request for counsel will be denied on the merits. Preston appears capable of litigating his claims himself, at least at this pretrial stage of the proceedings. This suit is a relatively straightforward employment discrimination action: Preston claims that his former employer discriminated and retaliated against him based on his race and sex. (ECF 3); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying the plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "'nonintuitive procedural requirements applied in a setting of complex legal doctrine'" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Since Preston has been proceeding *pro se*, he has prepared and filed two letters with the Court. (ECF 37, 41). He has appeared at several conferences before the Court, at which he was able to quite aptly articulate his position and legal strategy and respond to the Court's questions. (ECF 38, 40, 43). Thus, it is obvious that Preston is literate and has adequate communication skills, at least for purposes of representing himself. *Cf. McCaa*, 893 F.3d at 1032-33 (concluding that the district court erred by not appropriately considering that the incarcerated plaintiff's

mental capacity required him to obtain assistance from another inmate); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected the plaintiff's low IQ, functional illiteracy, and poor education).

Furthermore, the facts of this case are within Preston's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Preston is not incarcerated, and thus, he has the freedom and ability to perform his own legal research.

Therefore, because Preston has not established a financial inability to retain private counsel, and because he appears to be competent and fully capable of representing himself in this suit at this juncture, *see Zarnes*, 64 F.3d at 289, his request for counsel (ECF 41) will be DENIED without prejudice. In the event Preston's case survives the filing of dispositive motions and proceeds to trial, or if the case otherwise increases in complexity, the Court will reconsider his request for counsel upon further motion.

SO ORDERED.

Entered this 21st day of January 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge